IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERNEST AND NANCY BROWN,**

      **Plaintiffs,**

vs.                                                                                     NO. CIV 06-403 MV/RLP

**THE COLEMAN COMPANY, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT COLEMAN'S MOTION TO COMPEL [DOCKET NO. 26].**

      This matter comes before the court on the Motion of Defendant The Coleman Company, Inc., ["Coleman" herein] to compel Answers to Interrogatories and Responses to Requests for Production from Plaintiffs. [Docket No. 26]. Correspondence from counsel for Coleman to counsel for Plaintiffs indicates that the parties have resolved their dispute as to a portion of the discovery requests originally at issue. [Letter of September 28, 2006, attached at Ex. 1 to Docket No. 29]. The court will address the remaining discovery disputes.

      **Interrogatories No. 2 and 3** asked Plaintiffs to identify any design and/or manufacturing defects in the Model 5035 Coleman Sportcat Catalytic heater they claim caused and/or contributed to the alleged injuries. In their initial Answer, Plaintiffs objected to the Interrogatory on the grounds that it called for expert opinion and testimony, and further stated that their investigation has not been completed. In their supplemental Answer Plaintiffs stated that Mr. Brown was not aware of (e.g., could not identify) any specific defect but asserted that he had used the heater for the purposes for which it was designed when it malfunctioned and injured him.

      I find that Plaintiffs have adequately answered Interrogatories 2 and 3, and that no further

answer is required. Plaintiffs must disclose their experts and expert witness reports on November 20, 2006. [Docket No. 20]. Their claims of specific design and/or manufacturing defects must be disclosed at that time.

**Interrogatories No. 5 & 6** asked Plaintiffs to identify any design and/or manufacturing defects in the Coleman propane cylinder they claim caused and/or contributed to the alleged injuries. In their initial Answer, Plaintiffs objected the Interrogatory on the grounds that it called for expert opinion and testimony, and further stated that their investigation has not been completed. In their supplemental Answer Plaintiffs referred to lack of warnings related to the use of the cylinder and the Model 5035 Coleman Sportcat Catalytic heater.

I find that Plaintiffs have adequately answered Interrogatories 5 and 6, and that no further answer is required. Plaintiffs must disclose their experts and expert witness reports on November 20, 2006. [Docket No. 20]. Any additional alleged design and/or manufacturing defects must be disclosed at that time.

**Interrogatory No. 21**[1] asked Plaintiffs to identify every other occurrence, incident or event involving the Model 5035 Coleman Sportcat Catalytic heater or any other Coleman heater that Plaintiffs claim is similar or substantially similar to the alleged incident, indicating for each what they contend is similar about the incident and product involved. In their Answer, Plaintiffs referred to one incident involving a lantern rather than a heater. In their supplemental answer, Plaintiffs stated that the lantern "works similarly" to the catalytic heater at issue here, in that it is attached to a propane

---

[1]Although Interrogatory No. 21 was not referred to in Coleman's Motion to Compel, it was addressed in a September 6, 2006 letter from Coleman's counsel to Plaintiff's Counsel seeking to resolve discovery disputes, in a September 28, 2006 letter, where Coleman's counsel stated that it did not agree to withdraw this interrogatory from the pending Motion to Compel, and in Plaintiff's Response to the Motion to Compel.

cylinder, and that the steps for ignition are similar. Plaintiffs also referred generally to other incidents disclosed by Coleman of catalytic heater units which flamed and caused injuries to consumers. I find that Plaintiffs should supplement their answer to Interrogatory No. 21, stating the similarities between the product and injuries claimed in the instant case, and the products and injuries claimed in the incidents disclosed by Coleman referred to in Plaintiff's Supplemental Answer.

**Interrogatory No. 30** asked Plaintiffs to identify industry standards, practices, or governmental regulations related to the design, manufacture or labeling of the products at issue in this case, which they contend Coleman violated. In their initial Answer, Plaintiffs objected to the Interrogatory on the grounds that it called for expert opinion and testimony, and further stated that their investigation has not been completed. In their supplemental Answer Plaintiffs refer to conduct by Coleman in the design, manufacture, marketing and selling of products *intended to be used together*, but did not identify any specific industry standard, practice, or governmental regulation. Plaintiffs also referred to their expert, stating that the expert's evaluation was not yet complete, and reserved the right to supplement this answer. I find that Plaintiffs should supplement their answer to Interrogatory No. 30, to the extent they are relying on any industry standard, practice or governmental regulation applicable to the design, manufacture, marketing and selling of products intended to be used together. Any other alleged violations of industry standards, practices or governmental regulations will be identified in the expert witness report due November 20, 2006.

**Requests for Production No. 32 and 33** asked Plaintiffs to produce all documents or tangible things they contend support the claim that the Model 5035 Coleman Sportcat Catalytic heater was defectively designed and/or manufactured. **Request for Production No. 36** asked Plaintiffs to produce all documents or tangible things they contend support the claim that the propane

cylinder was defectively manufactured. In their initial Responses, Plaintiffs objected to the Requests on the grounds that they called for expert opinion and testimony, and that they would comply with the disclosure requirements for their experts and expert reports. In their supplemental responses Plaintiffs stated that the heater and cylinder had been and would continue to be made available for inspection at a mutually convenient date & time. I find that Plaintiffs have adequately answered Requests for Production No. 32 and 33, and that no further response is required.

Plaintiffs' Complaint seeks damages for loss of income and support. [Complaint, ¶ 18, 28]. **Interrogatory No. 28**[2] and Response to **Request for Production No. 12**[3] sought information related employment and employment related income of Ernest Brown which would form the basis for a loss of income claim. Plaintiffs answered, stating that neither had been employed for the five years prior to Mr. Brown's injury to the present. Coleman seeks an order compelling Plaintiffs to supplement these discovery requests if they intend to pursue loss of past or future wages claim. No such Order is necessary. Plaintiffs have answered the discovery requests posed to them. They were not asked in these requests about plans for future employment.

**IT IS THEREFORE ORDERED** as follows:

Plaintiffs will supplement their Answers to Interrogatories No. 21 and 30 on or before October 30, 2006.

No further answer or response is required for Interrogatories No. 2, 3, 5 or 6, or Requests for Production 32, 33, 36.

---

[2] Interrogatory No. 8 asked for information related to Ernest Brown's employment and wages at the time of the incident.

[3] Request for Production No. 12 sought production of payroll checks, W-2s, Federal and State Income Tax returns for the period of 5 years prior to the incident to the present from both Plaintiffs.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Richard L. Puglisi
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge